UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 17-131 (JDB) |
| ) | |
| DORENE BROWNE-LOUIS, ) | |
| ) | |
| Defendant. ) | |
| _____ | |

## SENTENCING MEMORANDUM

Ms. Browne-Louis, through undersigned counsel, respectfully submits this memorandum requesting that the Court consider her entire life and the various arguments made in this sentencing memorandum in determining a fair and just sentence.

### Widowed and broken woman lead to poor decision making and mistakes

Ms. Browne-Louis is extremely remorseful for her conduct in this case. She fully admits that she made extremely poor choices in judgment, on a variety of levels to a variety of people. As her letter to this Court[1] indicates, she is contrite, humiliated, apologetic, and takes full responsibility for her actions.

## BACKGROUND

On July 11, 2017, the grand jury returned an Indictment charging Ms. Browne-Louis with two separate counts of Obstruction of Justice. *See* ECF #1. Thereafter, Ms. Browne-Louis was arrested at her job at the Department of Homeland Security, pursuant to an arrest warrant on July 13, 2017. *See* ECF #4. Ms. Browne-Louis made her initial appearance before Magistrate Judge G. Michael Harvey on July 13, 2017, and was released on her personal recognizance. *See* ECF #5. The following day, the co-defendant, Juan McCullum, filed a motion to quash his arrest

---

[1]   A copy of her letter to this Court is attached as an exhibit.

warrant and was ultimately able to avoid the process of being arrested and appeared before Magistrate G. Harvey on his own accord on July 18, 2017.

Since her appearance before this Court on July 19, 2017, Ms. Browne-Louis has continuously excluded time under the Speedy Trial Act and also agreed to a protective order. During the late summer and fall of 2017, Ms. Browne-Louis was eager to provide any and all information to the government about her involvement in this case which ultimately led the parties to reach a pretrial resolution with the filing of the Superseding Information. *See* ECF # 31. On January 23, 2018, Ms. Browne-Louis pled guilty to Counts One and Five of the Superseding Information which charged her with Conspiracy to Unlawfully Disclose a Sexual Image, in violation of 22 D.C. Code §§ 1805a and 3052, and Accessory After the Fact to Criminal Computer Access to a Protected Computer, in violation of 18 U.S.C. § 1030(a)(2)(c) and 3, respectively. *See* Plea Agreement, ECF # 36. This Court accepted Ms. Browne-Louis's plea and thus she is scheduled for sentencing on April 23, 2018.

## ARGUMENT

Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a). Importantly, and quite unusual from cases brought in this Court, neither the federal sentencing guidelines nor the D.C. Voluntary

2

sentencing guidelines apply to the counts of conviction in this case. *See* PSR ¶ 52-53, pg. 10. Each of the counts of conviction are misdemeanors and each carry a **maximum sentence** of 6 months imprisonment. *See* PSR ¶ 99 and 101, pg. 18. (Emphasis added).

Ms. Browne-Louis respectfully submits that after reviewing all of the applicable factors set forth in § 3553(a), a sentence of probation would be warranted in this matter; and that any sentence of imprisonment would be greater than necessary to meet the sentencing purposes set forth in § 3553(a)(2).

## I.   Factors Under § 3553(a) Warrant A Sentence of Probation

The four traditional goals of sentencing are just punishment, deterrence, incapacitation, and rehabilitation. *See Rita v. United States*, 551 U.S. 338, 348 (2007). When deciding what sentence best meets these goals, the court is to consider the guidelines and first calculate the appropriate offense level under the guidelines. In this case, there are no applicable guidelines. Ms. Browne-Louis respectfully submits that her character and history, as evidenced by the various letters submitted to this Court on her behalf, reveal her 'true self' and despite the horrible mistakes she made in this case, the appropriate penalty merits a non-incarceration sentence.

### A.   The History and Characteristics of Ms. Browne-Louis

Ms. Browne-Louis is a 46 year old devoted mother, widower, and committed family member and friend to those who know her. Despite the divorce of her parents at the age of five, Ms. Browne-Louis was raised in a very stable, loving, and religious environment. *See* PSR ¶ 58, pg. 11. She shares an extremely close relationship with her mother, who resides with Ms. Browne-Louis each year for about six months. *Id.* Further, Ms. Browne-Louis has a very strong relationship with her siblings, Bruce and Latoya. *See* PSR ¶ 57, pg. 11 and ¶ 64, pg. 12. For as

long as Ms. Browne-Louis can remember, her parents and siblings, all instilled the importance of hard work, manners, respect, and the importance of God.  These values are at the core of Ms. Browne-Louis's background.  As evidenced by the approximate thirty letters[2] written to this Court in support of Ms. Browne-Louis, her conduct in this case is a complete aberration from the otherwise law-abiding life she has lived.  Throughout each letter to this Court, each individual writer echoes the same themes such as – committed mother, dedicated to family, giving to others in need, strong Christian values, and mentor.  Ms. Browne-Louis has had a significant impact on those who know her and with the exception of her involvement in this case, her impact has been extremely positive.

Most importantly, Ms. Browne-Louis is now a single parent to her five year old son after her husband was tragically murdered while on duty as a firefighter in St. Thomas in August 2016.  *See* PSR ¶ 60, pg. 11-12.  This loss has been life changing and has impacted Ms. Browne-Louis in more ways than she had ever contemplated with the loss of a loved one.  The impact this tragedy has had on her and her family is beyond words that can be put on paper.  *See* PSR ¶ 62, pg. 12.  Despite this tragic and impactful loss, Ms. Browne-Louis is doing her best to persevere and assist her children.  *Id.* and ¶ 69, pg. 13.

Despite these struggles, Ms. Browne-Louis has maintained her commitment to her faith and through these hardships her commitment to God has strengthened.  She has been unwavering in her commitment to help those tragically impacted by the hurricanes this past fall.  As stated by her current pastor in a letter to this Court, despite this pending case and the other personal issues facing Ms. Browne-Louis in August 2017, she was at the "forefront" of putting together

---

[2] These letters are attached as an exhibit.

4

collections of donations to be sent to the islands.  Because of Ms. Browne-Louis's perseverance and commitment to helping those in need, 21 barrels filled with various supplies were shipped to the islands.  In a letter of gratitude between the pastors of the churches involved in receiving these supplies, it is noted that Ms. Browne-Louis was instrumental in assisting those in their "darkest hour."  In addition to her assistance to those in the islands, Ms. Browne-Louis is also committed to helping those in her current community.  Each week Ms. Browne-Louis makes food and delivers it to the homeless.  Clearly, Ms. Browne-Louis is committed to 'giving back' as her parents instilled that value from the time she was a child.  As a condition of probation, she is agreeable to the Court imposing a significant term of community services hours to ensure that her positive impact in her community can continue.

Of particular note is that Ms. Browne-Louis, along with members of her church[3] are endeavoring to travel to Puerto Rico from June 10 through June 16 to assist in the rebuilding process and providing food and necessities to those who are still in great need.  A request to travel on this trip is being requested as a condition of her community services hours, if this Court imposes that condition.

    **B.**    **The Need for the Sentence Imposed**

        *I.*    *Punishment Will Reflect the Seriousness of the Offense*

A term of probation is a lengthy period of supervision that will impact her liberty. Probation is not an act of leniency, but rather a "substantial restriction of freedom" because probationers "may not leave the judicial district, move, or change jobs without notifying, and in some cases receiving permission from, their probation officer or the court." *Gall*, 128 S.Ct. at

---

[3]    A copy of the letter from the church about this Mission Trip is attached as an exhibit.

5

595-96.  Probationers must "report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking."  *Id.* at 596.  In Ms. Browne-Louis's case, any term of probation, which may include conditions of community service, is a harsh sentence because she has no criminal record.

## II. A Sentence of Probation is Sufficient Deterrent

The U.S. Sentencing Commission has previously stated, "there is no correlation between recidivism and Guidelines' offense level" which is "not intended nor designed to predict recidivism."  *See U.S. Sentencing Comm'n, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, 13 (2004).  Further, research has consistently shown that while the certainty of being caught and punished has a deterrent effect, "increases in severity of punishments do not yield significant (if any) marginal deterrent effects."  Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime & Justice 1, 28 (2006).  "Three National Academy of Science panels . . . reached that conclusion, as has every major survey of the evidence."  *Id.; see also* Zvi D. Gabbay, *Exploring the Limits of the Restorative Justice Paradigm: Restorative Justice and White Collar Crime*, 8 Cardoza J. Conflict Resolution 421, 447-48 (2007) ("Certainty of punishment is empirically known to be a far better deterrent than its severity.").  Typical of the findings on general deterrence are those of the Institute of Criminology at Cambridge University.  *See* Andrew von Hirsch et al., *Criminal Deterrence and Sentence Severity: An Analysis of Recent Research* (1999), summary available at http://members.lycos.co.uk/lawnet/Sentence.pdf.  That study found correlation between sentence severity and crime rates were not sufficient to achieve statistical significance.

Importantly, Ms. Browne-Louis respectfully submits that she has been deterred. The amount of press that has followed her and her family in this case as well as her arrest at her place of employment, the Department of Homeland Security have had a significant deterrent effect. Further, her status and stamp as a defendant in a criminal case charged in this Court is a significant punishment that on its own, has deterred her from committing any new offense.

Notably, since her release on July 13, 2017, Ms. Browne-Louis has followed all of the conditions of her release, including her travel requests. In addition to following those conditions, Ms. Browne-Louis has met with government counsel and law enforcement agents when requested. Therefore, to date, Ms. Browne-Louis has clearly demonstrated that she can follow conditions of this Court and adhere to fulfilling a law-abiding life.

### III.    *Need to Protect the Public from Further Crimes*

It is highly unlikely that Ms. Browne-Louis will engage in future criminal activity, as she is has demonstrated her commitment to her children and her community. Further, Ms. Browne-Louis is a "first offender" and although the sentencing guidelines are not applicable in this case, this Court can consider that the U.S. Sentencing Commission has now agreed to the increase of availability of alternatives to incarceration for such offenders.
*See* https://www.ussc.gov/guidelines/amendments/proposed-2017-holdover-amendments-sentencing-guidelines, pgs. 20-37. One of the main reasons why the U.S. Sentencing Commission is supporting an amendment aimed at first time offenders is because recidivism data analyzed by the Commission indicates that "first offenders" generally pose the lowest risk of recidivism. *See*, *e.g.*, U.S. Sentencing Comm'n, "Recidivism Among Federal Offenders: A

Comprehensive Overview," at 18 (2016), available at http://www.ussc.gov/research/research-publications/recidivism-among-federal-offenders-comprehensive-overview

In addition, 28 U.S.C. § 994(j) directs that alternatives to incarceration are generally appropriate for first offenders not convicted of a violent or otherwise serious offense.

## CONCLUSION

A sentence of probation, is a serious consequence that will more than adequately punish Ms. Browne-Louis for her particular conduct and will also adequately deter any future wrongful conduct. Thus, for the reasons stated above, including Ms. Browne-Louis's history and characteristics, together with the other goals of sentencing, Ms. Browne-Louis respectfully requests that the Court impose a sentence of probation with a significant term of community service.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


\_\_/s/_____
Dani Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Browne-Louis, D.C.  20004
(202) 208-7500